UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SKG International, Inc.,

    Plaintiff,

v.                                           Case No. 16-14510

SKG Italia, S.p.A., *et al.*,            Sean F. Cox
                                              United States District Court Judge

    Defendants.

_____/

## OPINION & ORDER
## DENYING DEFENDANT BERNINI'S MOTION TO DISMISS

Plaintiff SKG International, Inc. ("International") filed this action against Defendants SKG Italia, S.p.A. ("Italia") and Michele Bernini ("Bernini") on December 30, 2016. International asserts several claims against Italia and asserts one claim against Bernini. In the pending Motion to Dismiss, Bernini asks the Court to dismiss the claim against him for lack of personal jurisdiction. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons set forth below, the Court shall DENY the motion because Bernini's Counsel filed a general appearance in this action and, under binding Sixth Circuit precedent, that constitutes a waiver of personal jurisdiction.

## BACKGROUND

Plaintiff International filed this action against Defendants Italia and Bernini on December 30, 2016. International asserts several claims against Italia and asserts just one claim against

1

Bernini, "Count IV – Breach of Fiduciary Duty."  On December 30, 2016, International also filed: 1) a Motion for Temporary Restraining Order and Preliminary Injunction; and 2) an Ex Parte Motion for Order Granting Expedited Hearing on that motion.

On January 3, 2017, acting through counsel, Defendants Italia and Bernini filed a Brief in Opposition to International's Motion for Expedited Hearing, without raising a personal jurisdiction defense.  (D.E. No. 7).

On January 4, 2017, this Court issued a Notice to Appear for a Status Conference on January 9, 2017, and ordered that "Michele Bernini must attend this conference."

On January 5, 2017, attorney Robert Hertzberg entered a general appearance on behalf of both Italia and Bernini:

> TO:   CLERK OF THE COURT
>       COUNSEL OF RECORD
>
> PLEASE TAKE NOTICE that Robert S. Hertzberg of Pepper Hamilton LLP hereby enters his appearance on behalf of the defendants SKG Italia, S.p.A. and Michele Bernini in the above captioned case.

(D.E. No. 12).

After Counsel for Defendants contacted the Court and made the request, this Court issued a text-only order on January 5, 2017, indicating that Bernini could appear for the January 9th Status Conference via telephone, which he did on January 9, 2017.

The Court ultimately denied International's Motion for a Preliminary Injunction in an Opinion & Order issued on January 31, 2017.

On March 2, 2017, Bernini filed the instant Motion to Dismiss, which is based on personal jurisdiction.

**ANALYSIS**

2

In his Motion to Dismiss, Bernini asks the Court to dismiss the sole count asserted against him in this action for lack of personal jurisdiction over him.

International asks the Court to deny that motion, arguing: 1) that Bernini waived personal jurisdiction when his counsel filed a general appearance in this action on January 5, 2017; 2) that Bernini also waived personal jurisdiction by voluntarily and actively participating in the case; and 3) that personal jurisdiction could be exercised over Bernini in any event.

This Court recently addressed the first argument raised by International in *FCA US, LLC v. Spitzer Autoworld Akron, LLC*, 2017 WL 512790 (E.D. Mich. 2017), wherein this Court held that Defendant Spitzer waived personal jurisdiction when its attorneys entered general appearances in that action. In *FCA US, LLC*, this Court explained:

> The requirement that court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly. *Gerber v. Riordan*, 649 F.3d 514, 518 (6th Cir. 2011). The actions of a defendant may amount to a legal submission to the jurisdiction of the court. *Id*. In *Gerber,* the Sixth Circuit considered whether any of the appearances and filings in the district court amounted to legal submission to the jurisdiction of the court. *Id*. Notably, the Sixth Circuit held that the defendants in that action waived their personal jurisdiction defense "when their attorney entered a general appearance with the district court." *Id*. at 519. That is, it held that "Defendants' filing of a general appearance with the district court constituted a voluntary acceptance of the district court's jurisdiction, and therefore, a waiver of Defendants' personal jurisdiction defense." *Id*. at 520.
>
> In a subsequent Sixth Circuit case, the Court reiterated that *Gerber* "*requir[es]* courts in the Sixth Circuit to exercise personal jurisdiction whenever a defendant's attorney enters a general appearance." *M&C Corp. v. Erwin Behr GmbH & Co., K.G.*, 508 Fed. App'x 498, 501 (6th Cir. 2012) (emphasis added). The Court noted that the "document held to waive personal jurisdiction in *Gerber* read only this: 'Now comes Richard M. Kerger and enters his appearances as counsel for defendants, James C. Riordan and Steven Locks Press Corp. in this matter.'" *Id*. at 502 n.2. It also noted that the appearances entered by counsel in that case were nearly identical and therefore constituted general appearances. *Id*. at 501-02. The Court stated that "[b]ecause *Gerber* is directly on point and because a 'panel of this Court cannot overrule the decision of another panel,' [the

defendants] waived personal jurisdiction when their attorneys entered general appearances." *Id.* at 502.

This Court is also bound to follow the rule in *Gerber*. Accordingly, Spitzer waived personal jurisdiction when its attorneys entered general appearances in this action.

*Id.* at *9.

As was the case in *Gerber*, *M&C Corp.*, and *FCA US, LLC*, Bernini's counsel entered a general appearance on behalf of Bernini on January 5, 2017. Accordingly, under existing Sixth Circuit precedent, Bernini waived personal jurisdiction. *Gerber, supra*; *M&C Corp., supra*; *FCA US LLC, supra*; *see also Leadford v. Bull Moose Tube Co.*, 2016 WL 1022965 at * 2 (E.D. Mich., J. Ludington 2016) (ruling that Defendant waived personal jurisdiction under "bright-line waiver rule" set forth in *Gerber*); *Kenyon v. Clare*, 2016 WL 6995661 (M.D. Tenn. 2016) (same).

Accordingly, the Court shall deny Defendant Bernini's motion because he waived personal jurisdiction under the bright-line waiver rule set forth in *Gerber*, and confirmed by the Sixth Circuit in *M&C Corp*. As such, the Court need not address International's additional or alternative arguments in opposition to the pending motion.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant Bernini's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

                                                  s/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated: June 29, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on

June 29, 2017, by electronic and/or ordinary mail.

                                                s/Jennifer McCoy
                                                Case Manager